**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No.  10-CR-0189-001-CVE** |
| **DOMINICK MOSES WALKER,** ) | |
|  aka Dominique Moses Walker, ) | **USM Number: 11530-062** |
|  aka Dominic Moses Walker, ) | |
|  aka Dominick L. Walker, ) | |
| ) | |
| **Defendant.** ) | |

<u>**OPINION AND ORDER**</u>

Before the Court is defendant's motion to clarify judgment (Dkt. # 25).  Defendant moves for modification of the judgment to order credit for time served in official detention awaiting sentencing and transportation to a Bureau of Prisons (BOP) facility.  Defendant further argues the Court failed to properly apply USSG §§ 1B1.1(7) and 5G1.3(b), provisions that, under certain facts, provide for a downward adjustment from the applicable sentencing range to account for time served on a related undischarged term of imprisonment, and mandate that the instant sentence run concurrently with the undischarged sentence.  Defendant recognizes that application of § 5G1.3(b) has the effect of granting jail credit, and argues the undischarged term of imprisonment was for an act that was relevant conduct to the instant conviction, and therefore § 5G1.3(b) is applicable.

In August 2010 defendant was arrested for possession of a firearm and a probation violation warrant in Tulsa County case CF-2009-1235.  In October 2010 he was found to have violated the terms of his probation and was sentenced to two years in the custody of the Oklahoma Department of Corrections.  In December 2010 defendant appeared on a writ of habeas corpus ad prosequendum from state custody to face prosecution in the instant case.  In January 2011 defendant entered a plea

of guilty to the crime of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and in April was sentenced to a 51-month term of imprisonment. The Court was silent as to how the instant sentence would be applied to the undischarged state sentence defendant was serving. Because the Court did not specifically order the sentence to run concurrently with the term in case CF-2009-1235, the sentence was, by statute, deemed to run consecutively to the state sentence. 18 U.S.C. § 3584(a). Defendant was released from state custody to commence his federal sentence on or about October 18, 2011.

The Court properly applied § 5G1.3 in the imposition of sentence. The Court was fully aware that defendant was subject to an undischarged imprisonment term. The presentence report described both the circumstances of the sentence (PSR, ¶ 25), and found defendant was subject to an undischarged term of imprisonment on an unrelated charge and that § 5G1.3(c) was applicable (PSR, ¶ 54). Defendant offered no objection to the presentence report. See Addendum to the Presentence Report. Although the firearm giving rise to the instant conviction was found in defendant's possession contemporaneously with his arrest on the probation violation warrant, the sentence imposed in case CF-2009-1235 was for failure to abide by the terms of a suspended sentence, conduct unrelated to the instant conviction. Pursuant to 18 U.S.C. § 3584(a) and § 5G1.3(c), the Court was authorized to run the instant sentence concurrently or partially concurrently with, or consecutively to, the undischarged state term. Defendant did not qualify for consideration a § 5G1.3(b) adjusted sentence and concurrent term, and this Court clearly did not apply this provision. The Court, guided by § 5G1.3(c), comment. (n. 3), which favors a consecutive term under these facts, elected not to order the sentence to run concurrently with the state term. It was and still is the intent of this Court that the instant sentence shall run consecutively to Tulsa County

case CF-2009-1235, meaning the instant term will not commence until the state sentence is fully satisfied.

The Court now turns to the issue of granting jail time credit. It is settled law that "[a] district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the BOP, which has the power to grant sentencing credit in the first instance." United States v. Mata, 145 Fed. Appx. 276, 280, 2005 WL 1953510, at *2 (10th Cir.2005) (citing United States v. Wilson, 503 U.S. 329, 334 (1992); United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir.1994); see also United States v. Brown, 212 Fed. Appx. 747, 2007 WL 64852 at *7 (10th Cir.2007) ("a sentencing court is without jurisdiction to award credit under 18 U.S.C. § 3585(b) for time served in prior custody at sentencing." (citation omitted)). After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a). To fulfill this duty, BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Crediting jail time against federal sentences long has operated in this manner. The BOP developed detailed procedures and guidelines for determining the credit available to prisoners. Federal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners are able to seek judicial review of these computations after exhausting their administrative remedies. A defendant must raise his issue of credit under § 3585(b) first with the BOP and, if unsatisfied, then seek judicial review pursuant to 28 U.S.C. § 2241. Jenkins, 38 F.3d at 1144; see, e.g., Binford v. United States, 436 F.3d 1252 (10th Cir.2006);

Buchanan v. United States Bureau of Prisons, 133 Fed. Appx. 465, 467, 2005 WL 1168443 (10th Cir.2005) ("Petitioner must exhaust the available administrative remedies prior to pursuing relief under § 2241. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986) (per curiam)" (other citation omitted)).

If defendant believes he has been improperly denied jail credits, the BOP has established a grievance procedure for inmates with complaints relative to any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-542.19. The inmate must first attempt to resolve his complaint informally with his prison counselor. 28 C.F.R. § 542.13. If unable to reach an informal resolution, the inmate may then direct his complaint to the warden through a written administrative remedy request, using Form BP-9. Id. §§ 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the Regional Director, using Form BP-10. Id. § 542.15(a). Finally, the inmate may file a final administrative appeal to the Office of the General Counsel in Washington, D.C., using Form BP-11. Id. § 542.15(b)(2).

The record is clear that § 5G1.3(b) is not applicable and the Court intended that the instant imprisonment term run consecutively to the undischarged state sentence. Further, this Court has no authority to compute or award jail credit at sentencing or to later order application of such credits toward a sentence.

**IT IS THEREFORE ORDERED** that defendant's motion to clarify judgment (Dkt. # 25) is **denied**.

**IT IS SO ORDERED** this 30th day of December, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT